# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE B. GERVAIS,<br><br>                Plaintiff,<br>  vs.<br><br>AMERICAN EXPRESS CENTURION BANK, et al.,<br><br>                Defendants. | CASE NO. 10cv1712-LAB (AJB)<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS** |

    Suzanne Gervais alleges that AECB bought shares of a Fidelity mutual fund for her account and then defrauded her. Specifically,

> defendants wrongfully manipulated plaintiff's account with excessive sell and buy orders in a manner disproportionate to its size, character, and the objectives and instructions of plaintiff, bought and sold securities within short periods of time, switched securities from one to another without any investment justification other than to generate brokerage commissions for defendants' profit, executed transactions in violation of plaintiff's specific instructions, continuously maintained plaintiff's account at maximum or near maximum allowable margin, thus endangering plaintiff's investments in any declining market, and used plaintiff's account in margin transactions to obtain maximum commissions on executed orders.

(Compl. ¶ 16.) Gervais asserts claims for securities fraud under the Gramm-Leach-Bliley Act and the Exchange Act, and also for civil conspiracy under 18 U.S.C. § 371.

    Gervais's complaint is chockablock with vague and conclusory allegations, and the

Court doubts it even complies with the requirement of Rule 8 that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Frankly, though, it's easy enough to address and dismiss Gervais's complaint on the merits for its failure to state a claim under Rule 12(b)(6).

First, there is no private right of action under 15 U.S.C. § 77q, so the securities fraud claims (Counts I and II) Gervais brings under the Gramm-Leach-Bliley Act must be dismissed. *See Mendelsohn v. Capital Underwriters, Inc.*, 490 F.Supp. 1069, 1079–80 (N.D. Cal. 1979); see *also Earle v. Aramark Corp.*, 2005 WL 473675 at *3 (N.D. Tex. Feb. 28, 2005). There is also no private right of action under 18 U.S.C. § 371, which is a criminal statute. *Maier v. Phillips*, 205 F.3d 1323, 2000 WL 234453 at *2 (2d Cir. Feb. 1, 2000); *Tel-Oren v. Libyan Arab Republic*, 726 F.2d 774, 800 n. 5 (D.C. Cir. 1984). Gervais's civil conspiracy claim (Count V) must therefore be dismissed. Finally, there is no private right of action under Section 12 of the Exchange Act, 15 U.S.C. § 78l, which deals with registration requirements for securities. Thus, Gervais's second claim for securities fraud under the Exchange Act (Count IV) must also be dismissed. *See Sheldon v. Vermonty*, 246 F.3d 682, 2000 WL 1774038 at *5 (10th Cir. Dec. 4, 2000).

This leaves Gervais's claim under Section 10(b) of the Exchange Act, which prohibits fraud in connection with the purchase or sale of securities and does imply a private right of action. *Desai v. Deutsche Bank Securities Ltd.*, 573 F.3d 931, 938 n. 9 (9th Cir. 2009). In such an action, the plaintiff generally must show: (1) a material misrepresentation or omission of fact; (2) scienter; (3) a connection with the purchase or sale of a security; (4) transaction and loss causation; and (5) economic loss. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). Here, the factual allegations of Gervais's complaint can't possibly support a claim under Section 10(b). She alleges no material misrepresentation or omission of fact that can even get her claim off the ground. It must be dismissed.

Gervais offers no substantive rebuttal, really, to AECB's motion to dismiss, and instead asks for the Court's sympathies considering she is a *pro se* plaintiff (Doc. No. 12)

1  and for leave to amend her complaint (Doc. No. 17).  The Court is not optimistic about the
2  prospects of an amended complaint that Gervais might file.  The inadequacies of the present
3  complaint render it groundless, and indeed, as AECB points out, it is a form pleading that
4  Gervais likely obtained online and failed to adapt to the particulars of her grievance.  While
5  the Court liberally construes the pleadings of *pro se* litigants, *Eldridge v. Block*, 832 F.3d
6  1132, 1137 (9th Cir. 1987), the Court doesn't make unreasonable inferences or supply
7  allegations.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).
8  If Gervais came closer to pleading plausible claims, the Court would have a different attitude.
9  But the factual paucity and core legal defects of Gervais's complaint, the fact that she offers
10 the Court no indication of how she wishes to improve it, and the copycat nature of the
11 pleading, persuade the Court that amendment would be futile.  AECB's motion to dismiss
12 is therefore **GRANTED**, and this case is **DISMISSED WITH PREJUDICE.**

14        **IT IS SO ORDERED**.
15 DATED: November 24, 2010

17                                **HONORABLE LARRY ALAN BURNS**
                                   United States District Judge